UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AGUSTIN QUINONES, JR., <br><br> Plaintiff, <br><br> -against- <br><br> UMVLT LLC d/b/a ASPIRIS, and JOSHUA HAMEL, individually, and MICHAEL STEFFE, individually, <br><br> Defendants. | **COMPLAINT** <br><br><br> **Docket No.: 21-cv-184** <br><br><br> Jury Trial Demanded |

Plaintiff, AGUSTIN QUINONES, JR. ("Plaintiff"), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against UMVLT LLC, which does business as ASPIRIS ("Aspiris"), and JOSHUA HAMEL, individually ("Hamel"), and MICHAEL STEFFE, individually ("Steffe"), (together, where appropriate, as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

**NATURE OF CASE**

1.     This is a civil action for damages and equitable relief based upon Defendants' willful violations of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers provide on each payday wage statements to their employees containing specific categories of accurate information, NYLL § 195(3); (iv) the NYLL's requirement that employers furnish employees with a wage notice at hire containing

specific categories of accurate information, NYLL § 195(1); (v) the NYLL's unlawful deduction provisions, NYLL § 193, 12 NYCRR §§ 142-2.10, 195-4.1 *et seq.*; (vi) the anti-retaliation provisions of the FLSA, 29 U.S.C. § 215(a)(3); (vii) an anti-retaliation provision of the NYLL, NYLL § 215(1)(a); and (viii) any other claim(s) that can be inferred from the facts set forth herein.

2.      Plaintiff worked for Defendants - - a New York City-based information technology company and its co-managing members / day-to-day overseers - - as the Director of Educational Technology from June 1, 2015 through October 25, 2019.  As described below, throughout the entirety of Plaintiff's employment, Defendants willfully failed to pay Plaintiff the wages lawfully due to him under the FLSA and the NYLL.  Specifically, Defendants routinely required Plaintiff to work in excess of forty hours in a workweek, but failed to compensate Plaintiff at the statutorily-required overtime rate of one and one-half times his regular rate of pay for all hours that he worked per week in excess of forty.  Rather, Defendants paid Plaintiff on an hourly basis at his regular rate for all hours worked, including those worked beyond forty each week.

3.      Defendants further violated the NYLL and the NYCRR by: failing to provide Plaintiff with accurate wage statements on each payday; failing to provide Plaintiff with any wage notice upon his hire, let alone an accurate one; and unlawfully making deductions from Plaintiff's pay by separate transaction.

4.      Moreover, after Plaintiff complained to Defendants about their failure to pay him overtime compensation and to reimburse Plaintiff for various expenses that he incurred in the course of his employment, thereby taking unlawful deductions from his pay, Defendants retaliated by terminating Plaintiff's employment, in violation of the anti-retaliation provisions of the FLSA and the NYLL.

## JURISDICTION AND VENUE

5.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*.  The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

6.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

7.      At all relevant times herein, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

8.      At all relevant times herein, Defendant Aspiris was and is a New York limited liability company with its principal place of business located at 175 Varick Street, New York, New York 10014.

9.      At all relevant times herein, Defendants Hamel and Steffe were and are the co-managing members of Aspiris, who in that role jointly managed and oversaw the day-to-day operations of Aspiris, and who were and are ultimately responsible for all matters with respect to the hiring and firing of employees, as well as for setting employees' hours, rates, and methods of pay, and for maintaining employment records, including those matters with respect to Plaintiff.

10.     At all relevant times herein, all Defendants were "employers" within the meaning of the FLSA and the NYLL.  Additionally, at all times relevant to the FLSA, Defendant Aspiris's qualifying annual businesses exceeded $500,000.00, and Aspiris was engaged in interstate commerce within the meaning of the FLSA, as it employed two or more employees and provided cybersecurity and informational technology services to businesses located in New York, New

3

Jersey, and Connecticut, the combination of which subjects Defendants to the FLSA's overtime requirements as an enterprise.

## BACKGROUND FACTS

11.     Defendant Aspiris is an information technology company based in Manhattan, which operates as a cybersecurity and information technology service provider for its customers throughout New York, New Jersey, and Connecticut.

12.     Defendants Hamel and Steffe are Aspiris's co-managing members, as well as the individuals who oversee its day-to-day operations.  In those roles, Hamel and Steffe control the terms and conditions of employment for all Aspiris employees, exercise the power to hire and fire all employees, supervise and control employee work schedules, determine the rate and method of wages paid to all employees, and are responsible for maintaining employment records.  To that end, Hamel and Steffe jointly hired Plaintiff, determined his rate of pay and work schedule, managed and supervised Plaintiff's day-to-day activities, and together made the decision to terminate Plaintiff's employment, which Steffe communicated to Plaintiff.

13.     On July 1, 2015, Defendants hired Plaintiff to work as Aspiris's Director of Educational Technology, a position that he held until October 25, 2019.

14.     In that role, Plaintiff's primary job duties varied widely, consisting of, *inter alia*: consulting with clients; installing computer hardware and software; operating Aspiris's customer help desk; attending client meetings; and performing any other tasks that were requested of him, including but not limited to making bank deposits, airport pick-ups, and running personal errands for Hamel and/or Steffe.

15.     Plaintiff primarily performed his work in Defendants' Varick Street office, in Manhattan.

16.     Plaintiff's schedule varied from week to week throughout his employment, but typically Defendants required Plaintiff to work, and Plaintiff did work, six days per week. Specifically, from Mondays through Fridays, Plaintiff typically worked from 8:00 a.m. to between 5:00 p.m. and 6:30 p.m. without any scheduled or uninterrupted breaks.  On Saturdays, Plaintiff typically worked from 8:00 a.m. or 9:00 a.m. until between 4:00 p.m. and 6:30 p.m., without any scheduled or uninterrupted breaks.  Thus, Plaintiff worked a range of between forty-seven and one-half and sixty-three hours per week, with an average of sixty hours worked per week.

17.     Defendants paid Plaintiff on an hourly basis for all hours that he worked in a week, including those hours that he worked over forty in a week, at the rate of $30.00 per hour from the start of his employment until October 31, 2018, and $35.00 per hour from November 1, 2018 through the end of his employment.

18.     By way of example only, for the week of March 3 through March 9, 2019, Defendants required Plaintiff to work, and Plaintiff did work, a total of sixty hours according to the following schedule:

Sunday, March 3, 2019: off;

Monday, March 4, 2019: 8:00 a.m. to 6:00 p.m.;

Tuesday, March 5, 2019: 8:00 a.m. to 6:00 p.m.;

Wednesday, March 6, 2019: 8:00 a.m. to 6:00 p.m.;

Thursday, March 7, 2019: 8:00 a.m. to 6:00 p.m.;

Friday, March 8, 2019: 8:00 a.m. to 6:00 p.m.; and

Saturday, March 9, 2019: 8:00 a.m. to 6:00 p.m.

Plaintiff did not receive a scheduled or uninterrupted break during these days.  In exchange for his work during this week, Defendants paid Plaintiff at his regular rate of $35.00 per hour for each of the sixty hours that he worked.

19.     Defendants paid Plaintiff on a bi-weekly basis by check.

20.     On each occasion when Defendants paid Plaintiff, Defendants failed to furnish Plaintiff with a wage statement that accurately listed, *inter alia*, his overtime rate and overtime wages owed.

21.     Additionally, Defendants did not provide Plaintiff with any wage notice at the time of his hire, let alone one that accurately contained, *inter alia*: Plaintiff's rates of pay and basis thereof; whether Plaintiff would be paid by the hour, salary, or in another manner; any allowances claimed; the regular payday designated by Defendants; the name of Defendants; any "doing business as" names used by Defendants; the physical address of Defendants' main office or principal place of business, and a mailing address if different; and Defendants' telephone number.

22.     Further, in addition to his normal job duties, Defendants often - - at least as frequently as on a monthly basis, if not more - - required Plaintiff to personally incur some of Defendants' administrative expenses on Defendants' behalf, such as travel expenses, entertainment costs, vehicle maintenance, or meal purchases for Defendants' staff or clients. Defendants agreed that they would reimburse Plaintiff for these expenses when they paid him his bi-weekly wages, but frequently failed to do.  In total, Defendants have failed to reimburse Plaintiff approximately $10,000.00 for these sorts of expenses that Plaintiff incurred on Defendants' behalf.

23.     By way of example only, on September 24, 2019, Defendants required Plaintiff to handle servicing Defendant's company-issued automobile assigned to Plaintiff.  Plaintiff incurred $56.20 in out-of-pocket expenses for this service, for which Defendants promised to reimburse

Plaintiff during his following pay period.  Defendants, however, never reimbursed Plaintiff for this $56.20 expense.

24.     Each hour that Plaintiff worked was for Defendants' benefit.

25.     Defendants acted in this manner to maximize their profits and minimize their labor costs and overhead.

26.     On October 1, 2019, Plaintiff requested that Defendants repay Plaintiff for his unreimbursed expenses incurred during his employment, and also complained about Defendants' failure to pay him overtime at the rate of one and one-half times his regular rate for the hours that he worked over forty in a week.

27.     Just three and one-half weeks later, on October 25, 2019, Defendants terminated Plaintiff's employment, by email, for the stated reason that it just "wasn't working out."

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime Under the FLSA*

28.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

29.     29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

30.     As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff is an employee within the meaning of the FLSA.

31.     As also described above, Plaintiff worked in excess of forty hours in a workweek, yet Defendants failed to compensate him in accordance with the FLSA's overtime provisions.

32.     Defendants willfully violated the FLSA.

33.     Plaintiff is entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times his regular rate of pay.

34.     Plaintiff is also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime Under the NYLL and the NYCRR*

35.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

36.     NYLL § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

37.     As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff is an employee within the meaning of the NYLL and the NYCRR.

38.     As also described above, Plaintiff worked in excess of forty hours in a workweek, yet Defendants failed to compensate him in accordance with the NYLL's and the NYCRR's overtime provisions.

39.     Plaintiff is entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times his regular rate of pay.

40.     Plaintiff is also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

**THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Accurate Wage Statements in Violation of the NYLL*

41.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

42.     NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

43.     As described above, Defendants, on each payday, failed to furnish Plaintiff with wage statements that accurately contained the criteria required under the NYLL.

44.     Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

**FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Accurate Wage Notice in Violation of the NYLL*

45.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

46.     NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

47.     As described above, Defendants failed to furnish Plaintiff with any wage notice at hire, let alone one that accurately contained all of the criteria required under the NYLL.

48.     Pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff in the amount of $50.00 for each workday after the violation initially occurred, up to a statutory cap of $5,000.00.

**FIFTH CLAIM FOR RELIEF AGAINST DEFENDANT**
*Unlawful Deductions in Violation of the NYLL and the NYCRR*

49.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

50.     NYLL § 193 and 12 NYCRR § 142-2.10 prohibit employers from making any deduction from an employee's wages, outside of certain limited enumerated circumstances.  Nor may an employer require an employee to make any payment by separate transaction unless such

9

charge or payment is permitted as a deduction from wages under NYLL § 193 or 12 NYCRR § 194-4.4, provided that such charge or payment is not prohibited by 12 NYCRR § 195-4.5.

51.     As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff is an employee within the meaning of the NYLL and the NYCRR.

52.     As also described above, Defendants, by separate transactions, deducted from Plaintiff's wages various administrative costs through unreimbursed business expenses that Plaintiff incurred on Defendants' behalf.

53.     Plaintiff is entitled to recover the amount of each unlawful deduction.

54.     Plaintiff is also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's unlawful deduction provisions.

### SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Retaliation Under the FLSA*

55.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

56.     29 U.S.C. § 215(a)(3) prohibits employers from discharging or in any other manner discriminating against an employee because such employee has filed any complaint relating to an employer's violation of the FLSA.

57.     As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff is an employee within the meaning of the FLSA.

58.     As also described above, after Plaintiff engaged in activity protected under the FLSA, Defendants retaliated by terminating his employment.

59.     As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the FLSA, Plaintiff has suffered, and continues to suffer, economic harm, for which he is entitled to an award of monetary damages and other relief.

60.     Plaintiff is also entitled to compensatory damages, punitive damages, liquidated damages, and attorneys' fees for Defendants' violations of the FLSA's anti-retaliation provisions.

## SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Retaliation Under the NYLL*

61.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

62.     NYLL § 215(1)(a) prohibits employers from discharging, threatening, penalizing, or in any other manner discriminating or retaliating against any employee because such employee has, *inter alia*, made a complaint to his or her employer that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of the NYLL or the NYCRR.

63.     As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff is an employee within the meaning of the NYLL.

64.     As also described above, after Plaintiff engaged in activity protected under the NYLL, Defendants retaliated by terminating his employment.

65.     As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYLL, Plaintiff has suffered, and continues to suffer, economic harm, for which he is entitled to an award of monetary damages and other relief.

66.     Plaintiff is also entitled to compensatory damages, punitive damages, liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's anti-retaliation provisions.

67.     Pursuant to NYLL § 215(2)(b), contemporaneous with the filing of this Complaint, Plaintiff is serving a Notice of Claim on the Office of the New York State Attorney General, thereby advising the aforementioned of his claim for retaliation under Section 215 of the NYLL.

## DEMAND FOR A JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a.      A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b.      An order restraining Defendants from any retaliation against Plaintiff for participation in any form in this litigation;

c.      All damages that Plaintiff has sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff would have received but for Defendants' unlawful payment practices;

d.      All damages that Plaintiff has sustained as a result of Defendants' retaliatory conduct, including general and special damages for past and future lost compensation and benefits that Plaintiff would have received but for Defendants' conduct, including but not limited to back pay and front pay, whether legal or equitable in nature, as well as for emotional distress and/or mental anguish in connection with his claims;

e.      Granting Plaintiff all damages to compensate Plaintiff for harm to his professional and personal reputation and loss of career fulfillment;

f.      Granting an award of punitive damages, to the extent permitted by law, commensurate with Defendants' ability to pay, in connection with Plaintiff's retaliation claims;

g.      Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

h.      Awarding Plaintiff his reasonable attorneys' fees, as well as his costs and disbursements incurred in connection with this action, including expert witness fees and other costs;

i.      Pre-judgment and post-judgment interest, as provided by law; and

j.      Granting Plaintiff such other and further relief as this Court finds necessary and proper.

Dated: New York, New York
          January 8, 2021

                                        Respectfully submitted,

                                        BORRELLI & ASSOCIATES, P.L.L.C.
                                        *Attorneys for Plaintiff*
                                        655 Third Avenue, Suite 1821
                                        New York, New York 10017
                                        Tel. (212) 679-5000
                                        Fax. (212) 679-5005


          By:     _____
                                        MICHAEL R. MINKOFF (MM 4787)
                                        ALEXANDER T. COLEMAN (AC 1717)
                                        MICHAEL J. BORRELLI (MB 8533)