USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/26/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
AGUSTIN QUINONES, JR.,

                Plaintiff,        **ORDER**

       -v-                          21-CV-184 (JLC)

UMVLT, LLC, *et al.*,

                Defendants.
-----------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

The parties in this wage-and-hour case have consented to my jurisdiction under 28 U.S.C. § 636(c) (Dkt. No. 27) and have now submitted a joint "fairness letter" (Dkt. No. 28) and a fully executed settlement agreement (Dkt. No. 28-1) for my approval under *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015). Courts generally recognize a "strong presumption in favor of finding a settlement fair" in cases like this one brought under the Fair Labor Standards Act ("FLSA"), as they are "not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Souza v. 65 St. Marks Bistro*, No. 15-CV-327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (citation omitted). Moreover, given Defendants' financial situation as a result of the COVID-19 pandemic, the "potential difficulty in collecting damages militates in favor of finding a settlement reasonable." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013). *See also Hart v. RCI Hosp. Holdings, Inc.*, No. 09-CV-3043 (PAE), 2015 WL 5577713, at *10 (S.D.N.Y. Sept. 22, 2015) (significant "risk that plaintiffs would not

1

be able to collect, or fully collect, on a judgment" supported approval of settlement agreement, which "[g]uaranteed recovery from the other two defendants in the event that [one] prove[d] unable to pay the entire settlement amount").

Having carefully reviewed the joint fairness letter submitted by the parties as well as the proposed settlement agreement, and having participated in a lengthy conference that led to the settlement, the Court finds that all of the terms of the proposed settlement (including the allocation of attorneys' fees and costs as one-third of the settlement amount and the mutual non-disparagement clause with an appropriate carve-out for truth-telling) appear to be fair and reasonable under the totality of the circumstances (and in light of the factors enumerated in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)).

Accordingly, the proposed settlement is hereby approved. The parties are directed to submit their fully-executed stipulation and order of dismissal within 10 days of the date of this Order. If the parties fail to do so, the Court will direct the Clerk to close this case at that time.[1]

The Clerk is respectfully directed to close Docket No. 28 and mark it as "granted."

**SO ORDERED.**

Dated: July 26, 2021
      New York, New York

_____
JAMES L. COTT
United States Magistrate Judge

---

[1] The parties indicated in their submission that they have attached a proposed order of dismissal as an exhibit to their agreement, but no such order is attached.